## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| MILLENNIUM OUTDOORS, LLC, | Civil Action No. |
| Plaintiff, | |
| v. | |
| THE WISE COMPANY, INC., | **JURY DEMAND** |
| Defendant. | |

## <u>COMPLAINT</u>

Plaintiff Millennium Outdoors, LLC ("Millennium") hereby alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

## <u>NATURE OF THE ACTION</u>

1.      This is a civil action for infringement of United States Design Patent Nos. D727,046 (the "'046 Patent") and D727,047 (the "'047 Patent") (collectively, the "Asserted Patents") under the Patent Laws of the United States, 35 U.S.C. § 101 *et seq*., and trade dress infringement, unfair competition, and false designation of origin, under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

2.      Upon information and belief, Defendant The Wise Company, Inc. ("Wise") has used and continues to use the claimed designs in the '046 Patent and the '047 Patent, without Millennium's permission, on certain boat seats that Wise makes, has made, uses, offers for sale, sells, and/or imports into the United States.

3.      Millennium owns exclusive rights in its designs for its folding, breathable mesh boat seats offered under the Millennium Marine B-Series and Pro-M Series lines.  Upon information and belief, Wise has used and continues to use Millennium's trade dress, without Millennium's permission, on certain boat seats.

## THE PARTIES

4.      Plaintiff Millennium Outdoors, LLC is a Mississippi limited liability company with a principal place of business at 201 Fairmont Plaza, Pearl, Mississippi 39208.

5.      Millennium owns all rights and title in and to each of the Asserted Patents, including the right to sue for all infringement thereof, including past infringement.

6.      Upon information and belief, Wise is a Tennessee corporation with its principal place of business at 79 S 2nd Street, Memphis, Tennessee 38103.

## JURISDICTION AND VENUE

7.      This action arises under the patent laws of the United States, specifically 35 U.S.C. §§ 271, 281-285, and the trademark laws of the United States, 15 U.S.C. § 1111 *et seq*.

8.      This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. § 101 *et seq*., (patent infringement claim), 15 U.S.C. § 1121 (Lanham Act claims), and 28 U.S.C. §§ 1331 and 1338(a) (federal question).

9.      This Court has personal jurisdiction over Wise for at least the following reasons: (i) Wise is a Tennessee corporation with a principal place of business at 79 S 2nd Street, Memphis, Tennessee 38103; (ii) Wise continuously and systematically transacts business within the State of Tennessee, including in this District; (iii) this lawsuit arises out of Wise's infringing activities, including, without limitation, Wise's manufacturing, distributing, selling, and/or offering to sell infringing products in the State of Tennessee, including in this District; and (iv) Wise has made, used, sold, and/or offered for sale their infringing products and placed such

infringing products in the stream of interstate commerce with the expectation that such infringing products would be used, distributed, sold and/or offered for sale within the State of Tennessee, including in this District.

10.     Venue is proper within this district pursuant to 28 U.S.C. §§ 1391 and 1400 at least because Wise resides in the Western District of Tennessee, as it is a Tennessee corporation with its principal place of business within the District in Memphis, Shelby County, Tennessee. In addition, upon information and belief, Wise has committed acts of infringement and maintains a regular and established place of business in the Western District of Tennessee.

## FACTUAL ALLEGATIONS

### Millennium's Innovation and Industry Recognition

11.     Millennium designs, develops, manufactures, and sells a range of innovative outdoor products including, *inter alia*, seating for the marine industry.  Millennium was the first in the industry to design and offer a folding, breathable mesh boat seat.  One version of Millennium's innovative mesh boat seat is offered under the Millennium Marine B-Series line, namely, the Millennium B-100 Boat Seat (the "Millennium Boat Seat").

12.     The Millennium Boat Seat has been advertised and featured extensively throughout the United States, including through Millennium's own social media and advertising.

13.     Millennium has made significant investments, both in time and resources, in developing the Millennium Boat Seat, as well as securing the intellectual property rights that protect it.  This intellectual property includes valuable trade dress and patent rights.

### The Asserted Patents

14.     Millennium's innovative design for the Millennium Boat Seat is protected in the Asserted Patents.

15.     On April 21, 2015, the '046 Patent, entitled "Boat Seat," was duly and legally issued by the United States Patent and Trademark Office ("USPTO").  The '046 Patent names Bill W. Alexander as the inventor.  A true and correct copy of the '046 Patent is attached to this Complaint as **Exhibit A**.

16.     By lawful assignment, Millennium is the owner of all rights, title, and interest in and to the '046 Patent.

17.     The '046 Patent discloses and claims the non-functional ornamental design for a boat seat, which is described and shown from multiple perspectives in Figures 1-6.

18.     On April 21, 2015, the '047 Patent, entitled "Boat Seat," was duly and legally issued by the USPTO. The '047 Patent names Bill W. Alexander as the inventor.  A true and correct copy of the '047 Patent is attached to this Complaint as **Exhibit B**.

19.     By lawful assignment, Millennium is the owner of all rights, title, and interest in and to the '047 Patent.

20.     The '047 Patent discloses and claims the non-functional ornamental design for a boat seat, which is described and shown from multiple perspectives in Figures 1-6.

### **Millennium's Well-Known Trade Dress**

21.     Through extensive and consistent advertising, promotion, and publicity of the Millennium Boat Seat, Millennium has obtained and holds unique and distinctive trade dress in its overall design of the Millennium Boat Seat (the "Boat Seat Trade Dress").  The Boat Seat Trade Dress as a whole does not affect the cost or quality of the Millennium Boat Seat or serve any functional purpose.  Moreover, the Boat Seat Trade Dress, when used exclusively by Millennium, does not put Millennium's competitors at a significant reputation-related disadvantage as it is not the only option for the design of a boat seat.

22.    Millennium has owned and used its distinctive and non-functional Boat Seat Trade Dress on its boat seats and featured prominently in its advertising for well over six years to identify Millennium as the source of the boat seats.  Millennium began marketing and selling its Millennium Boat Seat, which is the subject of the Asserted Patents and the Boat Seat Trade Dress, during the summer of 2014.  Since then, Millennium has extensively promoted, advertised, and used the boat seat designs of the Asserted Patents and the Boat Seat Trade Dress in a variety of media throughout the United States, including, but not limited to, product labeling and packaging, brochures, point of purchase display materials, trade show displays, television, social media, and on the web to distinguish its products from those offered by others.

23.    As shown below, key elements of the Boat Seat Trade Dress include, but are not limited to: (a) the design, style, and appearance of the contour of the seat portion; (b) the design, style, and appearance of the contour of the backrest; (c) the design and appearance of the rounded top left and right edges of the backrest; (d) the design, appearance, and placement of the fabric cutouts; (e) placement of a logo on the center of the backrest; (f) the design, appearance, and placement of the support bars underneath the seat portion; and (g) the color contrast of the fabric and the frame of the seat.



24.     The striking and distinctive nature of the Boat Seat Trade Dress ensures that consumers will recognize that it is a product emanating from Millennium.

25.     In the United States, the Millennium Boat Seat with its Boat Seat Trade Dress is sold through a wide variety of channels including, but not limited to:

- Bass Pro Shops;

- Academy Sports and Outdoors;

- Retailer's websites including, but not limited to, www.amazon.com, www.basspro.com, www.walmart.com, www.cabelas.com, www.homedepot.com, www.iboats.com, www.academy.com, www.bluebayouboats.com, and www.grizzlyjig.com; and

- Millennium's own online store at www.millenniummarine.com.

26.     As a result of Millennium's widespread use and display of the Boat Seat Trade Dress in association with the Millennium Boat Seat, the public has come to recognize and identify products bearing the Boat Seat Trade Dress as originating from Millennium.  The public also recognizes that products bearing the Boat Seat Trade Dress constitute high quality products.

6

Accordingly, the Boat Seat Trade Dress has established strong secondary meaning and has acquired distinctiveness in that consumers recognize the Boat Seat Trade Dress as emanating from a single source. The Boat Seat Trade Dress achieved this status long before Wise first began its infringing activities described below.

27.    The Boat Seat Trade Dress represents extensive goodwill of Millennium and is a tremendously valuable asset of Millennium.

**Wise's Infringing Activity**

28.    Wise is a manufacturer of seating for the marine, outdoors, and industrial industries. Wise offers and sells its seating through distributors and retail partners, including, for example, Amazon, Bass Pro Shops, and Walmart.

29.    Upon information and belief, at least as early as July 2019, Wise began to manufacture, sell, and/or offer for sale a folding, breathable mesh boat seat marketed as the Wise 3373 AeroX™ Cool-Ride Mesh Boat Seat.

30.    Upon information and belief, Wise later began to manufacture, sell, and/or offer for sale a folding, breathable mesh boat seat marketed as the Wise 3374 AeroX™ Cool-Ride Mesh Mid Back Boat Seat.

31.    The Wise 3373 AeroX™ Cool-Ride Mesh Boat Seat and the Wise 3374 AeroX™ Cool-Ride Mesh Mid Back Boat Seat (collectively referred to herein as the "Accused Products") infringe the '046 Patent, the '047 Patent, and the Boat Seat Trade Dress.

32.    Upon information and belief, Wise copied the design of the Accused Products from the boat seat designs of the Asserted Patents and the Boat Seat Trade Dress of the Millennium Boat Seat.

33.    On August 29, 2019, Millennium notified Wise of its infringement of Millennium's intellectual property rights and demanded that Wise cease and desist from making and selling the Wise 3373 AeroX™ Cool-Ride Mesh Boat Seat. A copy of the August 29, 2019 letter to Wise is attached to this Complaint as **Exhibit C**.

34.    When Wise did not respond, Millennium sent a second letter on October 31, 2019, again informing Wise of its infringement of Millennium's intellectual property rights and requesting a response to its letter dated August 29, 2019. A copy of the October 31, 2019 letter to Wise is attached to this Complaint as **Exhibit D**.

35.    Upon information and belief, since receipt of the aforementioned letters, Wise has not changed the design of the Accused Products and has not discontinued its sales of the Accused Products.

36.    Upon information and belief, Wise, with full knowledge of the asserted claims against the Accused Products, has acted with intentional disregard for the '046 Patent and the '047 Patent.

37.    The overall appearance of the design of the '046 Patent and the corresponding design of the Accused Products are substantially the same.

38.    An ordinary observer will perceive the overall appearance of the design of the '046 Patent and the corresponding design of the Accused Products to be substantially the same.

39.    Table 1 below illustrates Wise's infringement by comparing figures from the '046 Patent with exemplary images of the  Wise 3373 AeroX™ Cool-Ride Mesh Boat Seat.

| Table 1: Comparison of the '046 Patent with the Accused Product | |
| --- | --- |
| **'046 Patent** | Wise 3373 AeroX™ Cool-Ride Mesh Boat Seat |
|  | |



| Table 1: Comparison of the '046 Patent with the Accused Product | |
|---|---|
| **'046 Patent** | Wise 3373 AeroX™ Cool-Ride Mesh Boat Seat |

40.    Upon information and belief, Wise has infringed and continues to infringe the

'046 Patent within the meaning of 35 U.S.C. § 271 at least by making or having made, using,

selling, offering to sell, and/or importing the Accused Products in the United States without

authorization.

41.    The overall appearance of the design of the '047 Patent and the corresponding

design of the Accused Products are substantially the same.

42.    An ordinary observer will perceive the overall appearance of the design of the

'047 Patent and the corresponding design of the Accused Products to be substantially the same.

43.    Table 2 below illustrates Wise's infringement by comparing figures from the '047

Patent with exemplary images of the Wise 3373 AeroX™ Cool-Ride Mesh Boat Seat.

| Table 2: Comparison of the '047 Patent with the Accused Product | |
|---|---|
| **'047 Patent** | Wise 3373 AeroX™ Cool-Ride Mesh Boat Seat |



| Table 2: Comparison of the '047 Patent with the Accused Product ||
|---|---|
| **'047 Patent** | Wise 3373 AeroX™ Cool-Ride Mesh Boat Seat |
|  |  |
|  |  |

| Table 2: Comparison of the '047 Patent with the Accused Product | |
|---|---|
| **'047 Patent** | Wise 3373 AeroX™ Cool-Ride Mesh Boat Seat |
|  | |

44.    Upon information and belief, Wise has infringed and continues to infringe the '047 Patent within the meaning of 35 U.S.C. § 271 at least by making or having made, using, selling, offering to sell, and/or importing the Accused Products in the United States without authorization.

45.    In addition to Wise's infringement of the '046 Patent and the '047 Patent, upon information and belief, Wise is importing, marketing, distributing, offering for sale, and selling goods in interstate commerce that bear a confusingly similar imitation of Millennium's Boat Seat Trade Dress.  There are many ways to design a boat seat.  However, as depicted below in Table 3, Wise has chosen to adopt a design for the Accused Products that is likely to cause confusion and to deceive consumers and the public regarding its source.

| Table 3: Comparison of the Boat Seat Trade Dress with the Accused Product ||
| --- | --- |
| **<u>Boat Seat Trade Dress</u>** | Wise 3373 AeroX™ Cool-Ride Mesh Boat Seat |
|  |  |
|  |  |

| Table 3: Comparison of the Boat Seat Trade Dress with the Accused Product | |
|---|---|
| **Boat Seat Trade Dress** | Wise 3373 AeroX™ Cool-Ride Mesh Boat Seat |
|  |  |

46.    Millennium used the Boat Seat Trade Dress extensively and continuously before Wise began using and selling confusingly similar imitations of the Millennium Boat Seat.

47.    The Accused Products are similar to and compete with products sold by Millennium, and these products are sold through overlapping channels of trade.

48.    The likelihood of confusion engendered by Wise's misappropriation of Millennium's Boat Seat Trade Dress is causing irreparable harm to the goodwill symbolized by the Boat Seat Trade Dress and the reputation for quality that it embodies.

49.    Wise's activities are likely to cause confusion before, during, and after the time of purchase because purchasers, prospective purchasers, and others viewing the Accused Products at the point of sale are likely—due to Wise's use of confusingly similar imitations of the Boat Seat Trade Dress—to mistakenly attribute the product to Millennium.  By causing such a

likelihood of confusion, mistake, or deception, Wise is inflicting irreparable harm to the goodwill

symbolized by the Boat Seat Trade Dress, and the reputation for quality that it embodies.

50.    Upon information and belief, Wise knowingly, willingly, intentionally, and

maliciously adopted and used confusingly a similar imitation of the Boat Seat Trade Dress in the

Accused Products.

## **FIRST CLAIM**

### **(Infringement Under 35 U.S.C. § 271 of the '046 Patent)**

51.    Millennium repeats and realleges each of the allegations of the foregoing

paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52.    The '046 Patent claims a non-functional ornamental design for a boat seat.

53.    The Accused Products are boat seats that embody the design covered by the '046

Patent and thus infringe the '046 Patent.  As shown in the table in paragraph 39, the Accused

Products have appropriated the ornamental design for a boat seat as shown and described in the

'046 Patent.

54.    In the eye of an ordinary observer, giving such attention as a purchaser usually

gives, the non-functional ornamental design for a boat seat claimed in the '046 patent and the

Accused Products are substantially the same, with resemblance such as to deceive an ordinary

observer, inducing him or her to purchase Accused Products supposing them to be the design

claimed in the '046 patent.

55.    Millennium has not granted a license or any other rights to Wise to make, use,

offer for sale, sell, or import the design embodied in the '046 Patent.

56.    Upon information and belief, Wise, without authorization from Millennium, has

made or had made, used, offered for sale, sold, and/or imported in or into the United States, and

16

continues to make or have made, use, offer for sale, sell, and/or import into the United States the

Accused Products that embodies the design covered by the '046 Patent and thus directly

infringes the '046 Patent.

57.     Upon information and belief, with knowledge of the '046 Patent, Wise has

actively induced and continues to induce direct infringement of the '046 Patent by others by,

among other things, providing third parties, such as distributors and retailers, with the Accused

Products.

58.     By the foregoing acts, Wise has directly infringed and/or induced infringement of,

and continues to so infringe, the '046 Patent in violation of 35 U.S.C. § 271.

59.     Millennium has suffered and will continue to suffer damage due to Wise's

infringement of the '046 Patent.  Thus, under 35 U.S.C. § 289, Millennium is entitled to recover

damages adequate to compensate for such infringement, including a recovery of Wise's total

profits derived from its unlawful conduct alleged herein or Millennium's lost profits, but in no

event less than a reasonable royalty for infringing the '046 Patent, together with interest and

costs fixed by this Court.

60.     Upon information and belief, the foregoing acts of infringement by Wise have

been willful, intentional, and in bad faith, and with knowledge of the '046 Patent.  Such willful

and intentional infringement justifies an increase of three times the damages to be assessed

pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an

award of reasonable attorney's fees pursuant to 35 U.S.C. § 285.

61.     Wise became aware of the '046 Patent no later than Millennium's letter to Wise

dated August 29, 2019.  Upon information and belief, Wise has knowingly and willfully

infringed the '046 Patent by manufacturing, importing, using, selling, and offering to sell the Accused Products.

62.    Despite Wise's knowledge of its infringement of the '046 Patent, Wise has continued to manufacture, import, use, sell, and offer to sell the Accused Products.

63.    Millennium has been irreparably harmed by Wise's infringement of the '046 Patent and will continue to be harmed unless Wise's infringing conduct is restrained and enjoined by order of this Court.

## SECOND CLAIM

### (Infringement Under 35 U.S.C. § 271 of the '047 Patent)

64.    Millennium repeats and realleges each of the allegations of the foregoing paragraphs 1 through 63 of this Complaint as if fully set forth herein.

65.    The '047 Patent claims a non-functional ornamental design for a boat seat.

66.    The Accused Products are boat seats that embody the design covered by the '047 Patent and thus infringe the '047 Patent.  As shown in the table in paragraph 43, the Accused Products have appropriated the ornamental design for a boat seat as shown and described in the '047 Patent.

67.    In the eye of an ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for a boat seat claimed in the '047 patent and the Accused Products are substantially the same, with resemblance such as to deceive an ordinary observer, inducing him or her to purchase Accused Products supposing them to be the design claimed in the '047 patent.

68.    Millennium has not granted a license or any other rights to Wise to make, use, offer for sale, sell, or import the design embodied in the '047 Patent.

69.     Upon information and belief, Wise, without authorization from Millennium, has made or had made, used, offered for sale, sold, and/or imported in or into the United States, and continues to make or have made, use, offer for sale, sell, and/or import into the United States the Accused Products that embody the design covered by the '047 Patent and thus directly infringe the '047 Patent.

70.     Upon information and belief, with knowledge of the '047 Patent, Wise has actively induced and continues to induce direct infringement of the '047 Patent by others by, among other things, providing third parties, such as distributors and retailers, with the Accused Products.

71.     By the foregoing acts, Wise has directly infringed and/or induced infringement of, and continues to so infringe, the '047 Patent in violation of 35 U.S.C. § 271.

72.     Millennium has suffered and will continue to suffer damage due to Wise's infringement of the '047 Patent.  Thus, under 35 U.S.C. § 289, Millennium is entitled to recover damages adequate to compensate for such infringement, including a recovery of Wise's total profits derived from its unlawful conduct alleged herein or Millennium's lost profits, but in no event less than a reasonable royalty for infringing the '047 Patent, together with interest and costs fixed by this Court.

73.     Upon information and belief, the foregoing acts of infringement by Wise have been willful, intentional, and in bad faith, and with knowledge of the '047 Patent.  Such willful and intentional infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285.

74.     Wise became aware of the '047 Patent no later than Millennium's letter to Wise dated August 29, 2019.  Upon information and belief, Wise has knowingly and willfully infringed the '047 Patent by manufacturing, importing, using, selling, and offering to sell the Accused Products.

75.     Despite Wise's knowledge of its infringement of the '047 Patent, Wise has continued to manufacture, import, use, sell, and offer to sell the Accused Products.

76.     Millennium has been irreparably harmed by Wise's infringement of the '047 Patent and will continue to be harmed unless Wise's infringing conduct is restrained and enjoined by order of this Court.

### THIRD CLAIM

### (Trade Dress Infringement (15 U.S.C. § 1125(a))

77.     Millennium repeats and realleges each of the allegations of the foregoing paragraphs 1 through 76 of this Complaint as if fully set forth herein.

78.     The Boat Seat Trade Dress is used in commerce and is not functional.  As a result of the widespread use and display of the Boat Seat Trade Dress, the trade dress has acquired distinctiveness and has established secondary meaning to potential purchasers, in that potential purchasers have come to associate the Millennium Boat Seat bearing the overall design of the Boat Seat Trade Dress with a single source.

79.     Subsequent to Millennium's use and adoption of the Boat Seat Trade Dress, Wise developed, advertised, and offered for sale a folding, breathable mesh boat that uses trade dress that is confusingly similar to the Boat Seat Trade Dress.  For example, the Accused Products have the overall design of the Boat Seat Trade Dress.

80.     Millennium has used the Boat Seat Trade Dress in commerce and has established protectable rights in those elements of Boat Seat Trade Dress.

81.     The elements comprising the Boat Seat Trade Dress are primarily non-functional.

82.     Wise's use of the Boat Seat Trade Dress in connection with the Accused Products is likely to confuse, or to cause mistake, or to deceive as to the affiliation, connection, or association of Wise with Millennium.

83.     Wise chose to use the trade dress of the Accused Products with knowledge of Millennium's prior use of and rights in the well-known and distinctive Boat Seat Trade Dress. Upon information and belief, Wise has used the Accused Products in commerce with the intent to cause confusion, to cause mistake, or to deceive.

84.     Wise's actions constitute willful trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

85.     Due to Wise's actions, constituting trade dress infringement, Millennium has suffered and continues to suffer great and irreparable injury, for which Millennium has no adequate remedy at law.

## FOURTH CLAIM

### (Unfair Competition and False Designation of Origin (15 U.S.C. § 1125(a))

86.     Millennium repeats and re-alleges the allegations of the foregoing paragraphs 1 through 85 of this Complaint as if fully set forth herein.

87.     Wise's use of the Boat Seat Trade Dress on the Accused Products without Millennium's consent constitutes a false designation of origin and a false representation as to the origin of Wise's goods, is likely to cause confusion, mistake, or deception as to the source of Wise's Accused Products, and is likely to create the false impression that Wise's Accused

Products are authorized, sponsored, endorsed, licensed by, or affiliated with Millennium in

violation of 15 U.S.C. § 1125(a).

88.     Such conduct by Wise is likely to confuse, mislead, and deceive Wise's

customers, purchasers, and members of the public as to the origin of the Boat Seat Trade Dress,

or cause said persons to believe that Wise or Wise's Accused Products have been sponsored,

approved, authorized, or licensed by Millennium or are in some way affiliated or connected with

Millennium, all in violation of 15 U.S.C. § 1125(a).

89.     Upon information and belief, Wise's actions were undertaken willfully with full

knowledge of the falsity of such designation of origin and false descriptions or representations,

and with the express intent to cause confusion, to cause mistake, or to deceive the purchasing

public.

90.     Wise's use of the Boat Seat Trade Dress without Millennium's consent constitutes

unfair competition with Millennium, in violation of Section 43(a) of the Lanham Act, 15 U.S.C.

§ 1125(a).

91.     Millennium is informed and believes, and thereon alleges, that Wise has derived

and received, and will continue to derive and receive, gains, profits and advantages from Wise's

false designation of origin and unfair competition in an amount that is not presently known to

Millennium.  By reason of Wise's actions, constituting false designation of origin and unfair

competition, Millennium has been damaged and is entitled to monetary relief in an amount to be

determined at trial.

92.     Due to Wise's actions, constituting false designation of origin and unfair

competition, Millennium has suffered and continues to suffer great and irreparable injury, for

which Millennium has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Millennium respectfully requests that the Court award Millennium the following relief:

1.      A declaration that Wise has infringed Millennium's Boat Seat Trade Dress;

2.      An order temporarily, preliminarily, and permanently enjoining and restraining Wise, its agents, and anyone working for, in concert with or on behalf of Wise from manufacturing, distributing, licensing, using, copying, reproducing, displaying, adapting, offering for sale, and/or selling any product (including, but not limited to, the Accused Products) that infringes Millennium's Boat Seat Trade Dress;

3.      An order temporarily, preliminarily, and permanently enjoining and restraining Wise, its agents, and anyone working for, in concert with or on behalf of Wise from engaging in any act of unfair competition utilizing any trade dress that is identical or confusingly similar to Millennium's Boat Seat Trade Dress;

4.      A declaration that the '046 Patent and the '047 Patent are deemed valid and willfully infringed by Wise under 35 U.S.C. § 271;

5.      An order temporarily, preliminarily, and permanently enjoining and restraining Wise, its agents, and anyone working for, in concert with or on behalf of Wise from directly or indirectly infringing the '046 Patent and the '047 Patent;

6.      An order directing an accounting to determine Wise's profits resulting from its unlawful activities;

7.      An order requiring Wise to pay Millennium compensation for any and all damages, injury, or harm pursuant to 15 U.S.C. § 1117 and 35 U.S.C. §§ 284 and 289;

8.      An order requiring Wise to pay Millennium full restitution and/or disgorgement of all profits, including any lost profits, and benefits that may have been obtained by Wise as a result of its wrongful conduct pursuant to 15 U.S.C. § 1117 and 35 U.S.C. §§ 284 and 289;

9.      An order requiring Wise to pay Millennium treble damages resulting from Wise's willful and intentional conduct pursuant to 15 U.S.C. § 1117 and 35 U.S.C. §§ 284 and 289;

10.     A determination that this action is an exceptional case warranting an award to Millennium of the attorneys' fees and costs incurred by Millennium in connection with this action pursuant to 15 U.S.C. § 1117 and 35 U.S.C. § 285;

11.     An order requiring Wise to pay Millennium supplemental damages or profits for any continuing post-verdict infringement up until entry to the final judgment, with an accounting, as needed;

12.     An order requiring Wise to pay Millennium pre-judgment and post-judgment interest on any damages or profits awarded and all other costs of this action; and

13.     Such further and additional relief as the Court deems just and proper.

## JURY DEMAND

Millennium hereby respectfully requests a trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:  June 10, 2021.


Respectfully submitted,


BRADLEY ARANT BOULT CUMMINGS LLP

*s/ Jake Gipson*
Jake Gipson (Ala Bar No. asb-4448-w03v)
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Phone: (205) 521-8678
jgipson@bradley.com

Angela Holt (*pro hac vice* motion forthcoming)
200 Clinton Avenue West, Suite 900
Huntsville, AL 35801
Phone: (256) 517-5170
aholt@bradley.com

Jason C. Palmer (Tenn. BPR No. 36146)
Roundabout Plaza
1600 Division Street, Suite 700
Nashville, TN 37203
Phone: (615) 252-3898
jpalmer@bradley.com


*Counsel for Plaintiff Millennium Outdoors, LLC*